IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| MEGAN HOPKINS, | : Case No. 3:24-cv-00080 |
| Plaintiff, | : |
| | : District Judge Thomas M. Rose |
| vs. | : Magistrate Judge Caroline H. Gentry |
| | : |
| MERCY HEALTH SPRINGFIELD REGIONAL MEDICAL CENTER, | : |
| Defendant. | : |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff, an Ohio resident proceeding without the assistance of counsel, brings this action to challenge Defendant's treatment of Plaintiff's mother. (*See* Complaint, Doc. No. 1-1.) Plaintiff previously filed a related action, which the Court dismissed without prejudice for lack of subject-matter jurisdiction. *See Hopkins v. Mercy Health Springfield Regional Medical* Center, No. 3:23-CV-00157, 2023 WL 8477963 (S.D. Ohio Dec. 7, 2023) (Rose, D.J.). This matter is before the Court on Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 1) and for an initial screen for subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

**I. MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Plaintiff has filed a Motion for Leave to Proceed *In Forma Pauperis*, or without prepayment of fees. (Doc. No. 1.) Plaintiff, who is not currently incarcerated, attests under penalty of perjury that she earns approximately $225 per month, has no liquid

assets, and has monthly expenses in excess of $800. (*Id*.) Plaintiff further attests that her home, which she owns outright, is valued at approximately $65,000. (*Id*. at PageID 3.) Based on this information, the Court concludes that Plaintiff is financially unable either to prepay the costs of this action or to give security for such costs.

Accordingly, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 1) is **GRANTED**. Plaintiff is **GIVEN LEAVE** to proceed *in forma pauperis*, and all Court officers are **ORDERED** to render services in this action as if the costs of those services had been prepaid.

## II. PLAINTIFF'S ALLEGATIONS AND CLAIMS

Plaintiff alleges the following facts:

> This complaint is on behalf of my mother Andrea Hopkins. She was admitted on September 6, 2021 and passed away in [Defendant's] facility on October 11, 2021.
>
> *****
>
> [I]n this case accommodations were not up to state and federal guidelines as far as proper use of protective gear gloves, masks, handwashing and proper maintenance of medical equipment and will apply to this healthcare facility.
>
> *****
>
> Defendant also went against my decisions as the immediate next of kin . . . .

(Doc. No. 1-1, PageID 7-9.) In addition, Plaintiff alleges that her mother passed away and was on a ventilator. (*Id*. at PageID 9.)

Plaintiff purports to assert several claims: (1) violation of the Age Discrimination Act of 1975; (2) violation of unspecified "federal anti-discrimination laws regarding public accommodations"; (3) violation of 18 U.S.C. § 1506 for falsification of medical

2

records; (4) a criminal claim for "nonmaleficence"; and (5) unspecified laws that allegedly gave her the right "to act as a surrogate . . . on behalf of a patient who lacks decision-making capacity." (Doc. No. 1-1, PageID 8-9.)

### III. SUBJECT-MATTER JURISDICTION

Plaintiff asserts that this Court has federal question jurisdiction under 28 U.S.C. § 1331 because she is "alleging a violation of Federal Law." (Doc. No. 1-1, PageID 5, 10.) Plaintiff further asserts that "[t]his is a civil case and the court has Original Jurisdiction because no other court has heard this case." (*Id*. at PageID 10.)

#### A. Legal Standard

"[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute . . . , which is not to be expanded by judicial decree[.]" *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) (internal citations omitted). This Court has a duty to review *sua sponte* whether subject matter jurisdiction exists in each case before it. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and 28 U.S.C. § 1332, which provides for 'diversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). A federal court has federal-question jurisdiction

3

when a plaintiff's claim "aris[es] under the federal laws or the Constitution." *Id*. However, a mere citation to a federal statute does not constitute a claim "arising under" federal law. In order to establish federal-question jurisdiction, a plaintiff must "plead a ***colorable*** claim arising under the Constitution or laws of the United States." *Arbaugh*, 546 U.S. at 513 (internal quotations omitted and emphasis added).

Because Plaintiff chose to file this lawsuit in this Court, she bears the burden of showing the existence of federal jurisdiction. *Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 559 (6th Cir. 2010). Facts establishing jurisdiction must be affirmatively pled on face of the complaint. *See Corner v. Greef*, 99 F. App'x 577, 580 (6th Cir. 2004) (plaintiff "must plead upon the face of his complaint facts either giving rise to diversity jurisdiction or stating a federal question"); *Carpenter v. Leonard*, No. 84-03261, 2021 U.S. App. LEXIS 34770, at *3 (6th Cir. 1986) ("Federal jurisdiction must be determined from the face of the complaint.").

**B.      Analysis**

It appears that Plaintiff is attempting to sue Defendant based upon her mother's death at Defendant's facility. Claims for wrongful death are governed by state law, not federal law. *See, e.g.,* Ohio Rev. Code § 2125.01. **Therefore, wrongful death claims are typically filed in state court, not in federal court.**

The question before this Court is whether Plaintiff has pled a cognizable federal claim sufficient to invoke this Court's federal question jurisdiction.

First, Plaintiff asserts a claim under the Age Discrimination Act of 1975, 42 U.S.C. §§ 6101 et al. (Doc. No. 1-1, PageID 8.) The Act states that "no person in the

4

United States shall, on the basis of age, be excluded from participation, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving Federal financial assistance." 42 U.S.C. § 6102. In Plaintiff's prior case, the undersigned explained that "[t]he facts pled in the Complaint—which asserts a wrongful death action—do not support a claim for age discrimination, as would be required to sue under the Age Discrimination Act of 1975." *Hopkins v. Mercy Health Springfield Regional Medical* Center, No. 3:23-CV-00157, 2023 WL 8481583 (S.D. Ohio Dec. 7, 2023) (Gentry, M.J.), report and recommendation adopted and case dismissed at 2023 WL 8477963 (S.D. Ohio Dec. 7, 2023) (Rose, D.J.). Therefore, this claim does not invoke this Court's federal question jurisdiction.

Second, Plaintiff invokes unspecified "federal anti-discrimination laws regarding public accommodations." (Doc. No. 1-1, PageID 8.) She alleges that Defendant did not follow state and federal guidelines regarding the proper use of protective gear. (*Id*.) Without more information—and in particular, citations to the specific laws alleged to have been violated—this claim does not invoke this Court's federal question jurisdiction.

Third, Plaintiff asserts a claim for falsification of medical records under 18 U.S.C. § 1506, which is a federal criminal statute. In Plaintiff's prior case, the undersigned explained that criminal statutes "do[] not authorize a private cause of action. *See Russell v. Killian*, No. 3:22-cv-574, 2022 WL 17177642, at *3 (M.D. Tenn. Nov. 3, 2022) (collecting cases to the effect that 'criminal statutes . . . cannot be used to grant plaintiff[s] access to federal courts')." *Hopkins v. Mercy Health Springfield Regional Medical* Center, No. 3:23-CV-00157, 2023 WL 8481583 (S.D. Ohio Dec. 7, 2023)

5

(Gentry, M.J.), report and recommendation adopted and case dismissed at 2023 WL 8477963 (S.D. Ohio Dec. 7, 2023) (Rose, D.J.). Therefore, this claim does not invoke this Court's federal question jurisdiction.

Fourth, Plaintiff asserts a claim for "nonmaleficence" and states: "This makes the defendant have criminal liability." (Doc. No. 1-1, PageID 9.) As noted, Plaintiff cannot rely upon a criminal cause of action to invoke this Court's federal question jurisdiction.

Fifth, Plaintiff asserts a claim based upon unspecified laws that allegedly gave her the right "to act as a surrogate . . . on behalf of a patient who lacks decision-making capacity." (Doc. No. 1-1, PageID 9.) Again, without citations to the laws alleged to have been violated, this claim does not invoke this Court's federal question jurisdiction.

In addition, the undersigned notes that the sparse factual allegations in Plaintiff's Complaint are likely insufficient to establish any claim for relief. "Merely citing to [a] statute without making any allegations that would support a claim . . . d[oes] not suffice to vest the [C]ourt with jurisdiction." *Jamison v. Hart Realty*, No. 01-03143, 2001 U.S. App. LEXIS 18054, at *5 (6th Cir. Aug. 6, 2001). In a federal complaint, "[f]actual allegations alone are what matters." *Knapp v. City of Columbus*, 93 F. App'x 718, 720 (6th Cir. 2004). Here, Plaintiff's factual allegations fail to rise to the level of a "colorable claim" under federal law. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).

Accordingly, the undersigned **RECOMMENDS** that the Court dismiss Plaintiff's Complaint without prejudice for lack of subject matter jurisdiction.

### III. CONCLUSION

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 1) is **GRANTED**. The undersigned further **RECOMMENDS** that Plaintiff's Complaint (Doc. No. 1-1) be dismissed for lack of subject-matter jurisdiction. The Clerk is **DIRECTED** to hold service of the Complaint and summons pending further Order of the Court.

**IT IS SO ORDERED AND RECOMMENDED.**

*/s/ Caroline H. Gentry*
United States Magistrate Judge

Procedure on Objections

If any party objects to this Order and Report and Recommendation ("Report"), that party may, within fourteen (14) days of the date that this Report was filed, file and serve written objections to specific findings or recommendations along with supporting authority for the objection(s). Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. A District Judge will then make a *de novo* determination of the portions of the report, findings, or recommendations to which objection is made. The District Judge may accept, reject, or modify, in whole or in part, this Court's findings or recommendations, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are advised that a failure to object to the Report will result in a waiver of a party's right (1) to have the District Judge review the Report *de novo* and (2) to

appeal a decision of the District Court adopting the Report. *See Thomas v. Arn*, 474 U.S. 140 (1985); *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).