UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MEGAN HOPKINS, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:24-cv-80 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | Magistrate Judge Caroline H. Gentry |
| MERCY HEALTH REGIONAL MEDICAL CENTER, | : | |
| | : | |
| | : | |
| Defendant. | | |

---

**ENTRY AND ORDER OVERRULING OBJECTION TO THE RECOMMENDATION OF DISMISSAL (DOC. NO. 6); ADOPTING ORDER AND REPORT AND RECOMMENDATION (DOC. NO. 2); FINDING ALL REMAINING MOTIONS MOOT; AND, DIRECTING THE CLERK TO TERMINATE THE MATTER**

---

Presently before the Court is Magistrate Judge Gentry's Order and Report and Recommendation ("Recommendation") (Doc. No. 2) and Plaintiff Megan Hopkins' ("Plaintiffs") Objection to the Recommendation for Dismissal ("Objection") (Doc. No. 6).  The Recommendation recommends Plaintiff's Complaint (Doc. No. 1-1) be dismissed for lack of subject-matter jurisdiction.  (Doc. No. 2 at PageID 20.)  For the reasons explained below, the Objections are **OVERRULED**.

Under Fed. R. Civ. P. 72(b), the district judge is to review *de novo* any portion of a magistrate judge's report and recommendation to which substantial objection has been made.  Where matters are referred to the magistrate judge for the exercise of discretion, review is for abuse of discretion.  The magistrate judge's findings of fact may be reversed only if clearly erroneous.  Errors of law are, however, reviewed *de novo*.

1

The Court has reviewed the findings and conclusions of Magistrate Judge Gentry and has considered *de novo* all of the filings in this case with particular attention to the issues as to which Plaintiff has lodged objections.  Having done so, the Court determines that the Magistrate Judge's recommendations should be adopted for the reasons given.

In particular, Plaintiff has failed to establish the prerequisites necessary to establish subject-matter jurisdiction.  Plaintiff's filings alleges several claims against Defendant.  Those claims include: (1) violation of the Age Discrimination Act of 1975; (2) violation of unspecified "federal anti-discrimination laws regarding public accommodations"; (3) violation of 18 U.S.C. § 1506 for falsification of medical records; (4) a criminal claim for "nonmaleficence"; and (5) unspecified laws that allegedly gave her the right "to act as a surrogate . . . on behalf of a patient who lacks decision-making capacity."  (Doc. No. 1-1, PageID 8-9.)

As to Plaintiff's first claim under the Age Discrimination Act of 1975, Judge Gentry has twice explained, "'[t]he facts pled in the Complaint—which asserts a wrongful death action—do not support a claim for age discrimination, as would be required to sue under the Age Discrimination Act of 1975.'"  (Doc. No. 2 at PageID 18) (quoting *Hopkins v. Mercy Health Springfield Reg'l Med. Ctr.*, No. 3:23-CV-00157, 2023 WL 8481583 (S.D. Ohio Dec. 7, 2023) (Gentry, M.J.), report and recommendation adopted and case dismissed at 2023 WL 8477963 (S.D. Ohio Dec. 7, 2023) (Rose, D.J.)).

Plaintiff's second and fifth claims allege violations of "federal anti-discrimination laws regarding public accommodations" and the unspecific legal right "to act as a surrogate . . . on behalf of a patient who lacks decision-making capacity."  (Doc. No. 1-1, PageID 8-9.)  Without citation to the specific laws or regulations she believes have been violated, the claim fails to invoke federal question jurisdiction.

Moreover, Plaintiffs third and fourth claims assert allegations of falsification of medical records under 18 U.S.C. § 1506 and "nonmaleficence" that "makes the defendant have criminal liability." (Doc. No. 1-1 at PageID 9.) Again, as Judge Gentry has twice explained "criminal statutes 'do[] not authorize a private cause of action. *See Russell v. Killian*, No. 3:22-cv-574, 2022 WL 17177642, at *3 (M.D. Tenn. Nov. 3, 2022) (collecting cases to the effect that 'criminal statutes . . . cannot be used to grant plaintiff[s] access to federal courts').'" *Hopkins v. Mercy Health Springfield Regional Medical Center*, No. 3:23-CV-00157, 2023 WL 8481583 (S.D. Ohio Dec. 7, 2023) (Gentry, M.J.), report and recommendation adopted and case dismissed at 2023 WL 8477963 (S.D. Ohio Dec. 7, 2023) (Rose, D.J.).

In her objections Plaintiff states that she "was alleging violation of Federal **Laws** in this case and also listed exactly what **Laws** it was that were violated…." (Doc. No. 6 at PageID 40) (emphasis in original). Plaintiff also states that the Court has not seen any evidence in this case and no court date has been set. (*Id*.) The citation to a federal statute or the nebulous ideas of federal rights does not create federal jurisdiction. This is a Court of limited jurisdiction that can only review the merits of a claim—like reviewing documents—if it has jurisdiction to hear that claim. Where no law has been cited that gives a party a *civil* remedy or even alleges what law has allegedly been violated, the Court has no ability to review substantive evidence.

Therefore, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Order and Report and Recommendation (Doc. No. 2). This matter will be dismissed without prejudice. The Clerk is **ORDERED** to enter judgment as set forth herein and terminate this matter. All other pending motions are hereby **MOOT**.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, April 11, 2024.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE